C. L. PATTERSON *v.* M. A. LANGSTON.

REGISTRATION. *Notice. Conveyance by state. Code* 1880, § 561.

> Section 561, code 1880, authorizing deeds to land executed by the auditor to be recorded without acknowledgment, is permissive only. Record of such deeds is not required, since statutes as to notice by recording instruments, do not embrace conveyances by the state.

FROM the chancery court of Marshall county.

HON. B. T. KIMBROUGH, Chancellor.

Appellant, C. L. Patterson, filed a bill against appellee, M. A. Langston, alleging that certain land, situated in Marshall county, was sold to the state for taxes in 1885; that on February 28, 1889, complainant duly purchased the same from the state, receiving a deed from the auditor, which, on the day of its execution, was registered in the office of the state treasurer, as required by law; that afterwards, on the fourth day of March, 1889, defendant applied to the auditor for the purchase of the same land, and received from him a deed therefor, which she filed for record in the office of the chancery clerk of Marshall county prior to the filing of complainant's deed for record. The bill further alleged that, by virtue of complainant's purchase from the state, and the registration of the deed in the office of the treasurer, the defendant had notice of complainant's title. It was alleged that, after making the last deed, the auditor, discovering that it had been erroneously executed, informed defendant of the fact, and offered to refund the money upon surrender of the deed; that defendant refused to surrender the same, and is in possession of the property, claiming to be the owner by virtue of her purchase from the state. The prayer of the bill was that the deed of defendant be canceled as a cloud upon complainant's title.

Defendant demurred, upon the ground that the bill showed

no equity, and because it appeared from its allegations that the defendant was a *bona fide* purchaser of the land. From a decree sustaining the demurrer and dismissing the bill, complainant appeals.

*William M. Strickland,* for appellant.

Sections 561, 562 and 567 of the code required certain duties of the auditor and treasurer in respect to tax-lands purchased from the state. When these requirements are complied with, as was done in this case, all the title of the state passes to the purchaser. The deed is registered in the office of the treasurer, and the auditor is required to give immediate notice of the purchase to the chancery clerk of the county where the lands are situated. This operates as notice. No fraud can be imputed to the state. The officers having complied with their duty in respect to the first sale, the attempted sale thereafter was void, and the deed executed by the auditor could not affect the title of complainant. *Shelton* v. *Kiern,* 45 Miss., 106; *Clements* v. *Anderson,* 46 *Ib.,* 581.

*Smith & Totten,* for appellee.

The bill shows that appellant's deed from the state was not filed for record until after appellee's deed was recorded. Prior to the receipt and record of her deed, it is not shown that appellee had any notice, actual or constructive, of appellant's purchase from the auditor. The registration of the deed in the office of the treasurer was not notice, and was not intended to be.

Section 561 of the code contemplates that conveyances of land from the auditor shall be recorded in the county where the land is situated, as in case of conveyances from individuals. If this is not true, why is it required that the conveyance shall be attested by the seal of the auditor's office, and that it shall be entitled to record without acknowledgment? The language of this section is meaningless, unless it requires that these conveyances of the auditor shall stand upon the same footing, in respect to notice, as those of individuals. If

we are right in this, appellee is a *bona fide* purchaser, appellant's deed being void, as against her, because not recorded. Code 1880, § 1212.

CAMPBELL, C. J., delivered the opinion of the court.

The statutes as to recording instruments pertaining to land, do not embrace conveyances by the state. Such conveyances are not within the terms or the spirit of those statutes. There cannot be a *lien creditor* of the state, and commission of a fraud, in selling land a second time, is not predicable of the state; and any of its officers, clothed by law with power to sell its land, having exercised the power in the manner authorized, has no power to make another valid sale of the subject of the first.

The reason for the latter part of § 561 of the code is this: by acts of 1876 and 1878 the deeds of the auditor were required to be acknowledged, but no law required them to be recorded in the county in which the lands lie. The code of 1880 dispensed with the acknowledgment, and entitled, but did not require, them to be recorded. Section 1622 of the code provides that, " copies of the record of any writing, required or *permitted* to be recorded, . . shall, when certified, . . be received in evidence in all courts," etc. Patents issued by the United States, or this state, may be recorded in the county in which the land is, but their effect, as vesting title in the patentee, is not dependent on that. All these instruments are made recordable, at the option of the person interested, that he may thereby preserve the evidence of his title by the public record of the county in which the lands may be, as well as by the original instrument.

The appellant, by her purchase from the state, acquired title, and was not bound to lodge her conveyance with the chancery clerk; and the appellee acquired nothing by the conveyance afterwards made to her by inadvertence, and it should be canceled.

*Decree reversed, demurrer overruled and cause remanded, with leave to defendant to answer within thirty days after the mandate herein shall be filed below, the answer to be as of the last term of the chancery court.*